UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
CHRISTINA FARRELL

                Plaintiff,

      -against-

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                Defendant.
--------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:20-cv-3200-FB

Appearances:
*For the Plaintiff*:
JEFFREY DELOTT, ESQ.
366 North Broadway
Suite 410
Jericho, New York 11753

*For the Defendant*:
JACQUELYN M. KASULIS, ESQ.
United States Attorney
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201
BY: ANNE M. ZEIGLER, ESQ.

**BLOCK, Senior District Judge:**

Christina Farrell seeks review of the final decision of the Commissioner of Social Security[1] denying her application for disability insurance benefits ("DIB"). Both parties move for judgment on the pleadings. For the following reasons, Farrell's motion is granted to the extent that it requests remand, the Commissioner's

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi, the Acting Commissioner of Social Security, has been substituted for former Commissioner Andrew Saul.

motion is denied, and the case is remanded for further proceedings consistent with this opinion.

I.

Farrell protectively filed for DIB as of July 18, 2017, citing disability due to fibromyalgia, spine arthritis, asthma, bilateral carpal tunnel syndrome, pinched nerves, and numbness in the fingers. Administrative Record[2] ("AR") at 243. Dr. Bruce Stein, who treated Farrell for osteoarthritis and fibromyalgia, provided a medical opinion in connection with Farrell's DIB application. *Id.* at 303-12.

As part of Farrell's DIB application, a series of appointments for a consultative examination were scheduled. *Id.* at 41-51. On the advice of counsel, Farrell declined to attend the first appointment. *Id.* at 50. She missed the second appointment when she could not find affordable parking. *Id.* at 51. Farrell arrived for her third appointment, but left prior to her examination when she was not allowed to videorecord the examination. *Id.* at 46. Consequently, no consultative examination was performed in this case.

Administrative Law Judge ("ALJ") Robert R. Schriver held a hearing on July 9, 2019. In a July 30, 2019 decision, the ALJ found that Farrell was not disabled because she retained the residual functional capacity ("RFC") to perform some sedentary work. *Id.* at 12-26. Farrell requested Appeals Council review, which was

---

[2] The Administrative Record is filed on this Court's docket at Docket No. 20-1.

denied on July 8, 2020.  *Id.* at 1-2.  Accordingly, the ALJ's opinion is the final

decision of the Commissioner.  This civil action followed.

## II.

"In reviewing a final decision of the Commissioner, a district court must

determine whether the correct legal standards were applied and whether substantial

evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir.

2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence ... means such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708

F.3d 409, 417 (2d Cir. 2013).

## III.

Remand is warranted because the ALJ impermissibly relied upon his own lay

judgment in lieu of medical opinions when formulating Farrell's RFC.

Because the ALJ is a layperson, not a doctor, he is not permitted to interpret

raw medical information into the vocational terms of an RFC without the assistance

of a medical professional's insight.  *See Pearson v. Comm'r of Soc. Sec.*, No. 20-

CV-3030 (AMD), 2021 WL 3373132, at *4 (E.D.N.Y. Aug. 3, 2021).  "Because an

RFC determination is a medical determination, an ALJ who makes an RFC

determination in the absence of supporting expert medical opinion has improperly

substituted his own opinion for that of a physician, and has committed legal error."

*Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 347 (E.D.N.Y. 2010).

Here, the ALJ disregarded Dr. Stein's opinion as "unpersuasive" and noted that the agency medical consultant was unable to make a determination due to insufficient evidence. AR at 24. But he did not identify any medical opinion supporting the RFC, and the Commissioner herself concedes that the only medical opinion before the ALJ was Dr. Stein's, which conflicts with the RFC. Docket No. 23 at 15. Accordingly, no medical opinion supports the RFC.

The Commissioner argues that this Court should nonetheless affirm the ALJ, because Farrell's failure to submit to a consultative examination deprived the ALJ of a supportive medical opinion. *Id.* This argument is unavailing. Failure to attend consultative examinations without a good reason can result in an unfavorable disability ruling. *See Malloy v. Comm'r of Soc. Sec.*, No. 1:19-CV-03727-FB, 2021 WL 2109130, at *2 (E.D.N.Y. May 25, 2021). Here, however, Farrell offered reasons for her failure to undergo examination, and the ALJ accepted them. AR at 105 ("I'm not holding that against you.").

Accordingly, because the ALJ's formulation of Farrell's RFC was tainted by legal error, this matter must be remanded. In light of this conclusion, this Court need not address the other issues raised by this case, except that the ALJ is cautioned that despite the regulatory repeal of the Treating Physician Rule, medical sources that

have a lengthy treating relationship with the claimant are due careful consideration.

**SO ORDERED.**

  /S/ Frederic Block_____

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 2, 2019