UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
CHRISTINA FARRELL,

               Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.
---------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 20-CV-03200-FB

*Appearances:*
*For the Plaintiff:*
JEFFREY D. DELOTT
366 North Broadway
Suite 410k-3
Jericho, New York 11753

*For the Defendant*:
BREON PEACE
United States Attorney
By: ANNE M. ZEIGLER
SpecialAssistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

      Plaintiff Christina Farrell ("Farrell") received disability benefits after the Court vacated the Social Security Administration's ("SSA's") denial of her application. Her attorney, Jeffrey D. Delott ("Delott"), now seeks approval of his contingency-fee agreement for 25% of Farrell's past-due benefits, or $33,547.25. Delott's unopposed request for fees is now granted.

      18 U.S.C. § 406(b) entitles prevailing plaintiffs in Social Security actions to

1

"reasonable [attorney's] fee[s] [that are] not in excess of 25 percent of the total past-due benefits to which the plaintiff is entitled." Reasonableness depends on three factors: (1) whether the proposed fee is below the 25% statutory maximum; (2) whether the contingency-fee agreement is the product of fraud or attorney overreach; and (3) whether the requested amount is so large it constitutes a windfall to the attorney. *See Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). The first and second factors are not at issue.

To assess the third factor, the Second Circuit recently provided guidelines to determine if a fee award within the 25% cap constitutes a windfall. *See Fields v, Kijakazi*, 24 F.4th 845 (2d Cir. 2022). First, the court should consider the expertise and ability of the claimant's lawyer and whether he or she was particularly efficient. *See id.* at 854. Second, it should consider the nature and length of the lawyer's professional relationship with the claimant, including any representation at the agency level. *See id.* at 855. Third, a court should consider the satisfaction of the claimant. *See id.* Fourth, a court should consider the level of uncertainty of an award of benefits and the efforts it took to achieve the result of a disability ruling. *See id.*

There are no objections to Delott's expertise or the quality of his representation. Delott has represented Farrell since June 2017. There is no evidence of any concerns regarding Farrell's satisfaction with her representation or the outcome of the matter. Lastly, there was a substantial level of uncertainty as to whether Delott would be found disabled, since her claim was initially denied by the

2

Administrative Law Judge and then by the Appeals Council at the Social Security Administration.

The Court finds that the 39.7 hours spent on Farrell's case were reasonable. The effective hourly rate of Farrell's representation is $845.01 per hour. This is within the range approved by courts and less than what was deemed reasonable by the Second Circuit in *Fields*. *See Hughes v. Saul*, No. 20-CV-01609 (ER), 2022 WL 2161191 at *3 (E.D.N.Y. Jun. 15, 2022); *Baron v. Astrue*, 311 F. Supp. 3d 633, 637-38 (S.D.N.Y. 2018) (collecting cases with hourly fees ranging from $1,072.17 to $2,100); *Fields*, 24 F.4th 845 (2d Cir. 2022) (finding reasonable a fee request for Binder's services at a de facto hourly rate of $1,556.98).

Therefore, the Court approves Delott's fee request. However, since the statute requires that the "claimant's attorney… refund to the claimant the amount of the smaller fee," *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), Farrell's counsel must first refund to his client the $8,774.25 he received under the Equal Access to Justice Act. Contingent upon that refund, the Commissioner of Social Security is ordered to disburse $33,547.25 to Delott.

                                                            /S/ Frederic Block  
                                                            FREDERIC BLOCK  
                                                            Senior United States District Judge

Brooklyn, New York  
January 11, 2023